UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

COREY MATTHEW CAMPANA,

                            Plaintiff,

    v.

STATE OF NEVADA et al.,

                         Defendants.

Case No. 3:15-cv-00100-MMD-VPC

ORDER

## I.    DISCUSSION

On March 19, 2015, this Court entered a screening order permitting four of Plaintiff's counts to proceed. (Dkt. no. 5 at 12-13.) The Court also ordered the Attorney General's Office to respond to Plaintiff's motions for preliminary injunction and temporary restraining order ("TRO"). (*Id.* at 13-14.)

Plaintiff, a pretrial detainee housed at Ely State Prison ("ESP") pursuant to NRS § 209.311, files identical motions for TRO/preliminary injunction[1] based on his initial assault by Defendants Green, Pinkham and Callard upon transfer to ESP and for Dr. Koehn's rectal exam. (Dkt. no. 3-1 at 1; dkt. no. 5 at 4.) With respect to the rectal exam, Plaintiff has filed four or five kites in an attempt to review his medical records after that exam. (Dkt. no. 3-1 at 1.) Additionally, on March 4, 2015, Plaintiff alleges that Green showed up in Plaintiff's unit, came to Plaintiff's door, mouthed "I will f**king kill you," and then made a slicing motion over his throat.  (*Id.* at 1-2.)  Plaintiff  states that he fears for

---

[1]The motion for TRO is filed as dkt. no. 4 and the motion for preliminary injunction is filed as dkt. no. 3. The Court will cite to the motion for preliminary injunction. (Dkt. no. 3.)

1   his life because Green previously assaulted Plaintiff while Plaintiff had been in full
2   restraints and compliant. (*Id.* at 2.) Plaintiff seeks an order restraining Green, Callard,
3   and Pinkham from working in any unit that Plaintiff is housed in, from transporting
4   Plaintiff, and from coming within 150 feet of Plaintiff. (Dkt. no. 3 at 2.)

5       In response, Defendants assert that Plaintiff, a pretrial detainee, is being housed
6   at ESP for safekeeping under NRS § 209.311. (Dkt. no. 11 at 1-2.) Plaintiff arrived at
7   ESP on September 17, 2014. (*Id.* at 2.) Defendants argue that Plaintiff cannot
8   demonstrate a likelihood of success on the merits of his excessive force claim because
9   Plaintiff did not address the merits of his claim in his motion and because there are
10  discrepancies in Plaintiff's story. (*Id.* at 5.) Specifically, Defendants assert that, on
11  September 19, 2014, Dr. Koehn noted a bruise on Plaintiff's leg during the intake
12  examination which indicates that Plaintiff had the bruises prior to arriving at ESP. (*Id.*)
13  Defendants attach Dr. Koehn's medical report from September 19, 2014 as evidence.[2]
14  (Dkt. no. 13-1 at 2.)   Defendants assert that there is no documentation or physical
15  evidence to support Plaintiff's allegations of physical injury. (Dkt. no. 11 at 5.)
16  Defendants argue that Plaintiff's story to the Inspector General's Office about
17  allegations of being beaten by correctional officers is inconsistent.[3] (*Id.* at 5-6.)
18  Defendants contend that Plaintiff cannot demonstrate irreparable injury because
19  Defendants provided evidence that Plaintiff's story is not reliable or consistent. (*Id.* at 6.)
20  Defendants assert that Plaintiff cannot show a balance of hardships because there is no
21  evidence that Plaintiff is in danger. (*Id.* at 7.) Defendants contend that Plaintiff cannot

22      [2]Defendants file a motion for leave to file medical record under seal. (Dkt. no. 12
23  at 1.) Defendants assert that courts have recognized the need to protect sensitive
    medical information. (*Id.* at 2.) Defendants assert that Plaintiff can view this medical
24  record under supervision by contacting the ESP administrators. (*Id.* at 2-3.) Plaintiff files
    an opposition to this motion because he has been attempting to view his medical
25  records for approximately six months at ESP but, for unknown reasons, prison officials
    have not permitted him to. (Dkt. no. 17 at 1.) The Court grants Defendants' motion to
26  seal the medical file from public disclosure on the Court's docket. However, the Court
    directs the Clerk of the Court to mail Plaintiff a copy of the medical exhibit (dkt. no. 13-1
27  at 2).

        [3]The Court notes that Defendants do not provide any evidence of the alleged
28  inconsistencies.

show that granting the injunction favors the public interest because Plaintiff has not established the elements for an injunction and there is no proof that his claims are truthful. (*Id.*)

In reply, Plaintiff points out that he alleged was assaulted by correctional officers on September 17, 2014, and, thus, Dr. Koehn's notation of a bruise on Plaintiff's leg on September 19, 2014, is not inconsistent with his allegations. (Dkt. no. 16 at 2.) Plaintiff further notes that his complaint specifically alleges that the White Pine County Sheriff's Office took pictures of Plaintiff's bruises on September 23, 2014. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court recognizes that a prisoner seeking a remedy for unsafe conditions does not have to await a tragic event such as an actual assault before obtaining relief. *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). "An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue must adequately plead such a violation." *Id.* at 845-46.

The Court finds that Defendants' response was non-responsive to the Plaintiff's motions for TRO/preliminary injunction. Plaintiff is correct that, in his complaint, he alleges that he was assaulted by Green, Callard and Pinkham upon his arrival to ESP on September 17, 2014. (*See* dkt. no. 5 at 6.) As such, Dr. Koehn's September 19, 2014, medical report noting bruising does not discredit Plaintiff's allegations. Moreover,

Defendants allege that Plaintiff told the Inspector General's Office inconsistent stories but do not provide any evidence of these alleged inconsistencies. Additionally, Defendants have completely ignored the allegations in the complaint that Plaintiff's attorney directed Defendant Ashby to take pictures of Plaintiff's bruises while at the White Pine County Jail on September 23, 2014. As such, Defendants have not established that Plaintiff would be unable to succeed on the merits.

The Court also notes that, in addressing the balance of equities and whether an injunction is in the public interest, Defendants completely ignore the fact that Plaintiff is a pretrial detainee who is being housed at a maximum security prison in solitary confinement for alleged "safekeeping."

Nonetheless, the Court denies the motions for TRO/preliminary injunction at this time. The Court finds that Plaintiff cannot demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. Based on the allegations in the complaint, the motions for TRO/preliminary injunction, and the reply to the motions for TRO/preliminary injunction, Green physically assaulted Plaintiff in September 2014 and then made a verbal threat to Plaintiff in March 2015. The Court does not find that these two instances of physical contact and/or communication between Plaintiff and Green are enough to establish that the original excessive force allegation is a contemporary violation of a nature likely to continue. However, the Court directs Plaintiff to file a motion for TRO or preliminary injunction if the situation changes between himself, Green, Callard or Pinkham.

## II.    CONCLUSION

For the foregoing reasons, it is ordered that the motion for preliminary injunction (dkt. no. 3) is denied.

It is further ordered that the motion for temporary restraining order (dkt. no. 4) is denied.

It is further ordered that the motion for leave to file medical record under seal (dkt. no. 12) is granted.

1    It is further ordered that the Clerk of the Court shall send Plaintiff a copy of his

2    medical record (dkt. no. 13-1 at 2).

3    DATED THIS 8th day of April 2015.

4

5    _____
     MIRANDA M. DU
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28